**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

BRAMAN MOTORS, INC., d/b/a
BUGATTI MIAMI,

    Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC., d/b/a BUGATTI OF THE AMERICAS,
INC.

    Defendant.

Case No.: 1:26-cv-22291-RAR

## DEFENDANT'S REMOVAL STATUS REPORT

Pursuant to this Court's April 3, 2026, Order Requiring Removal Status Report (ECF

No. 6), Defendant Volkswagen Group of America, Inc., d/b/a Bugatti of the Americas, Inc.

("Bugatti"), by and through its undersigned counsel, submits the following Removal Status Report.

**I. A plain statement of the nature of the claim and any counterclaim, cross-claim, or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought.**

Plaintiff Braman Motors, Inc., d/b/a Bugatti Miami ("Braman") operates a dealership for

the sale and service of new Bugatti line-make vehicles in Miami, Florida. (ECF No. 1-2, Complaint

¶¶ 1, 3.) Bugatti and Braman are parties to a Retailer Agreement that governs their relationship as

a franchisor and franchisee. (*Id.*)

In the Complaint, Braman brings thirteen claims for violations of the Florida Dealer Act,

Fla. Stat. §§ 320.60–320.70, and five common law claims for breach of contract, anticipatory

breach, fraudulent inducement, and estoppel against Bugatti based on Bugatti's alleged actions

related to warranty labor reimbursement, vehicle allocation, and vehicle sales. (*See generally* ECF

No. 1-2, Complaint.) Braman seeks to recover damages (including treble damages pursuant to Fla.

1

Stat. § 320.697), injunctive relief pursuant to Fla. Stat. § 320.695, attorneys' fees, interest, and costs. (*See generally* ECF No. 1-2, Complaint.)

There have been no counterclaims, cross-claims, or third-party claims asserted to date.

**II.    A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim.**

**Grounds for Removal**: Bugatti removed this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), as further detailed in Bugatti's Notice of Removal (ECF No. 1).

Complete diversity exists between the parties. Braman is a citizen of Florida because Braman is a Florida corporation with its principal place of business in Miami-Dade County, Florida. (ECF No. 1-2, Complaint ¶ 1.) Bugatti is a citizen of New Jersey and Virginia because it is a New Jersey corporation with its principal place of business in Reston, Virginia. (*Id.* ¶ 2.)

The amount-in-controversy requirement is also met. Although the Complaint does not identify the precise amount of damages sought, the allegations clearly set forth purported damages exceeding $75,000, accounting for Braman's requests for damages, treble damages pursuant to Fla. Stat. § 320.697, attorneys' fees, and injunctive relief. For example, Braman alleges that Bugatti has refused to provide it with a reasonable quantity of Bugatti vehicles, which have a manufacturer suggested retail price "ranging from around $4,000,000 to over $5,000,000." (ECF No. 1-2, Complaint ¶¶ 7, 39–41.) As another example, Braman requests an order requiring Bugatti to pay it a labor rate of $1,350 per hour indefinitely to perform warranty work on Bugatti vehicles. (*Id.* ¶¶ 22, 32, Wherefore Clause.)

**List of All Parties to the Action:**

1.    Plaintiff Braman Motors, Inc., d/b/a Bugatti Miami

2.    Defendant Volkswagen Group of America, Inc., d/b/a Bugatti of the Americas, Inc.

**III.    A list of all pending motions.**

There are no pending motions at this time.

**IV.    A statement regarding whether the Defendant has removed the action within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant, if such initial pleading has then been filed in court and is not required to be served on the Defendant in the action.**

Bugatti timely removed this action. Bugatti received the Complaint via service on its registered agent on March 13, 2026.  (*See* ECF No. 1-3, Summons.)  Bugatti removed this action 20 days later, on April 2, 2026. (ECF No. 1, Notice of Removal.)

Dated:  April 13, 2026

Respectfully submitted,

*/s/ Louis S. Chronowski*
Owen H. Smith (admitted *pro hac vice*)
Louis S. Chronowski (Fla. Bar No. 1056628)
Zoe Cross (admitted *pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM &
  NAGELBERG LLP
200 W. Madison St., Suite 3900
Chicago, IL 60606
Tel. (312) 984-3100
Fax (312) 984-3150
owen.smith@bfkn.com
louis.chronowski@bfkn.com
zoe.cross@bfkn.com

*Attorneys for Defendant Volkswagen Group of America, Inc., d/b/a Bugatti of the Americas, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on April 13, 2026, a true and correct copy of the foregoing was filed via the CM/ECF system and thereby served on all counsel of record.

*/s/ Louis S. Chronowski*